FILED
JULY 19, 2007
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TERRANCE LAMONT LIPSCOMB, PRO SE, § <br> A.K.A. TERRENCE LIPSCOMB, § <br> TDCJ-CID # 1256559, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> KELLI WARD, JOE A. GRIMES, § <br> PAUL W. SLOAN, BRIAN S. ELSEA, § <br> AUDREY A. ENGLAND, § <br> TREVOR A. BLACKERBY, § <br> BRIAN M. McMILLAN, and § <br> RICHARD PHILLIPS, § <br> § <br> Defendants. § | 2:07-CV-0139 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff TERRANCE LAMONT LIPSCOMB, also known as TERRENCE LIPSCOMB, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff complains that, on March 19, 2007, he was written a false disciplinary case by defendant BLACKERBY for threatening an officer. Plaintiff says he wasn't threatening anyone but had asked to talk with the sergeant because defendant ELSEA kept looking at him in an aggressive manner and he wanted to talk to a ranking officer before anything happened because ELSEA had previously written false cases against him. Plaintiff alleges BLACKERBY and ELSEA spoke with defendant Sgt. McMILLAN before plaintiff was allowed to talk with him,

that McMILLAN repeatedly asked plaintiff if plaintiff was threatening his officer and, when plaintiff replied no, asked if plaintiff was calling his officer a liar.

Plaintiff claims defendant ENGLAND escorted him to medical but wouldn't let him complain to the nurse about his disciplinary case. She then escorted him to pre-hearing detention and ordered an officer to take plaintiff's shoes and clothing, only letting plaintiff have his underwear when an officer asked her to. Plaintiff did not receive sheets, shower shoes and hygiene products until a few hours later.

On March 21, 2007, plaintiff was found guilty by disciplinary hearing officer PHILLIPS and was assessed a punishment of 45 days of recreation, commissary, and cell restriction, 15 days of solitary confinement, reduction in class from L1 to L2, and the loss of 180 days of accumulated goodtime credits. Plaintiff alleges he saw defendant BLACKERBY talking to defendant PHILLIPS immediately before the disciplinary hearing.

Plaintiff says he spoke to defendant GRIMES about the incident and was told to grieve it. He says GRIMES also said he would arrange for plaintiff to speak with Lt. Soto, but failed to do so. Plaintiff says defendant ENGLAND took his locker key when he was admitted to pre-hearing detention and that defendant ELSEA later either packed his property or allowed his cellmate to pack it. Either way, when the property was returned to plaintiff on his release from solitary confinement, some stamps and personal photographs were missing and a nightlight and jar of Vaseline were broken. Plaintiff complains defendant GRIMES denied his step 1 grievance and defendant WARD denied his step grievance.

Further, defendant SLOAN failed to respond to plaintiff's letters and failed to help when plaintiff saw him on the sidewalk and spoke to him in person.

Plaintiff requests the disciplinary case be expunged from his records, his confiscated goodtime credits and previous classification be restored, along with the goodtime he would have accumulated at the higher classification, that he be awarded compensatory damages for lost property and court costs of $1,175.99, and that he be awarded punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). To the extent plaintiff claims defendant BLACKERBY wrote him a false disciplinary case and that defendant McMILLAN ordered or approved the writing of a false disciplinary case, plaintiff's claims lack an arguable basis in law and are frivolous.

As to any claim plaintiff is attempting to assert against defendant McMILLAN or other defendants for verbal abuse, this allegation does not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993).

Plaintiff sues defendant PHILLIPS for finding him guilty and appears to allege he and BLACKERBY determined the outcome of the case together before the hearing. This is a due process claim. Plaintiff has plead the punishment imposed as a result of the disciplinary hearing included a loss of goodtime; however, plaintiff has not plead favorable termination. The Supreme Court has ruled that the *Heck* favorable termination doctrine is now applied to the prison disciplinary setting. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997). For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have been overturned, either on administrative appeal, through habeas, or by some other

means.  *See*, *also*, *Woods v. Smith*[3], 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)).  Plaintiff's pleading makes clear there has been no favorable termination to date.  Therefore, plaintiff's claims against PHILLIPS and BLACKERBY lack an arguable basis in law and are frivolous until the *Heck* conditions have been met.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff sues defendant ENGLAND for confiscating his locker key, which was later used to access plaintiff's property for storage while he was in detention, and for allowing or not preventing ELSEA from taking or breaking some of plaintiff's property or not preventing another inmate from taking or breaking some of plaintiff's property.  At best, plaintiff has alleged facts which might support a claim of negligence against defendant ENGLAND, if that; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986).

The fact that plaintiff was deprived of his clothing, except his shorts, and was required to remain without sheets, shower shoes and hygiene products for several hours does not support a claim of deprivation of the "minimal civilized measure of life's necessities."  *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).

---

[3]To bring a section 1983 claim based simply on the filing of a false disciplinary charge, absent an allegation of retaliatory interference with the exercise of a constitutional right, a prisoner must show favorable termination prior to bringing suit.  *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)). Drawing an analogy with malicious prosecution, the Fifth Circuit reasoned that absent proof of favorable termination there was no arguable basis for finding the violation of a federally protected right.  *Id*.

5

Plaintiff appears to sue defendant ELSEA for taking and breaking some of his property or for allowing plaintiff's cellmate to pack plaintiff's property and not preventing him for taking and breaking some of it. Allegations of negligence by defendant ELSEA will not support a claim under section 1983. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986). A state actor's failure to follow state procedural regulations does not constitute a violation of due process if "constitutional minima" are met. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). As to any claims ELSEA broke or stole some of plaintiff's property, section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). The tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d at 543.

Lastly, plaintiff sues defendants GRIMES and WARD for failing to adequately investigate and satisfactorily resolve his grievances, and he sues defendants GRIMES and SLOAN for failing to answer and resolve his complaints made in person and contained in letters concerning his treatment by ELSEA and other members of the second shift. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances or his letters of complaint investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v.*

*Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants GRIMES, WARD, and SLOAN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff TERRANCE LAMONT LIPSCOMB, also known as TERRENCE LIPSCOMB, is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITH PREJUDICE AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE BEEN MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   19th   day of July, 2007.

                                                  /s/ Mary Lou Robinson
                                                  MARY LOU ROBINSON
                                                  UNITED STATES DISTRICT JUDGE